IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| CANDACE E. ALSTON, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-20-690 |
| TOWNEBANK, *et al.*, | * | |
| Defendants. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In this action, Plaintiff Candace E. Alston brings breach of contract, Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1680 *et seq.*, and defamation claims against Defendants TowneBank, Dovenmuehle Mortgage, Inc. ("DMI"), and Trans Union, LLC. ECF No. 76.[1] Now pending before the Court is Plaintiff Alston's Motion for Leave to File a Fourth Amended Complaint, ECF No. 82. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons discussed, the Motion is denied.[2]

**I.   BACKGROUND**

A procedural history of this action is available in this Court's previous Order granting leave to file the Third Amended Complaint. *See* ECF No. 75. Thus, the Court only repeats the background as relevant here. On February 5, 2019, Plaintiff, proceeding *pro se*, initiated this civil action against Defendants TowneBank, DMI, Equifax, and Trans Union in Virginia circuit

---

[1] Defendant Equifax Information Services, LLC, was dismissed from the action. *See* ECF No. 88. Defendant Equifax's Motion to Dismiss, ECF No. 79, is thus moot.

[2] In addition, Plaintiff's Motion for Extension of Time, ECF No. 81, is granted. Plaintiff is ordered to respond to Defendants' Motions to Dismiss within 10 days.

1

court. ECF No. 1. In her original Complaint, Plaintiff alleged violations of the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-202; the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-301; the Maryland Mortgage Fraud Protection Act, Md. Code Ann., Md. Code An., Real Prop. § 7-401; and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681i(a), 1681e(b), 1681(g). *Id.*

On March 4, 2019, Equifax, with the consent of the other Defendants, removed this action to the United States District Court for the Eastern District of Virginia. *Id.* Defendants' motions to dismiss were mooted by Plaintiff's First Amended Complaint, ECF No. 25, which was filed on April 23, 2019. Plaintiff's First Amended Complaint dropped Plaintiff's state statutory claims, added a claim for breach of contract, and added three additional FCRA claims, 15 U.S.C. §§ 1681s-2(b)(1)(A)–(D).

In response to the First Amended Complaint, Defendants collectively filed three Motions to Dismiss and an Answer, ECF Nos. 27, 28, 29, 30, 31, 35, 36. Plaintiff was then granted leave to file the Second Amended Complaint, which added additional factual allegations and a seventh FCRA claim, 15 U.S.C. § 1681s-2(b)(1)(E), and mooted Defendants' Motions to Dismiss. ECF Nos. 46, 53. The action was also transferred here, pursuant to 28 U.S.C. § 1404(a). ECF No. 53.

After retaining counsel, Plaintiff then moved for leave to file a Third Amended Complaint. ECF No. 65. The Third Amended Complaint added a defamation claim. Defendant TowneBank consented to the motion, provided that Plaintiff would file no further amendments. *See* ECF No. 66. Defendants DMI and Equifax filed Notices of Joinder and Consent to Defendant TowneBank's Response. ECF Nos. 67, 71. On March 11, 2021, this Court granted leave to file the Third Amended Complaint but noted Plaintiff's history of mooting motions to

dismiss through motions to amend. ECF No. 75. This Court ordered the parties to respond to Plaintiff's Third Amended Complaint within 14 days. *Id.* at 5.

On March 24, 2021, Defendants DMI, TowneBank, and Equifax filed Motions to Dismiss. ECF Nos. 77, 78, 79. Defendant Trans Union filed an Answer, which also asserted affirmative defenses. ECF No. 80. Plaintiff filed the Motion for Leave to File a Fourth Amended Complaint on May 10, 2021. ECF No. 82. Defendants TowneBank and DMI filed responses in opposition, ECF Nos. 84, 85, and Plaintiff replied, ECF No. 87. Defendant Equifax and Plaintiff then stipulated to the dismissal of Equifax. ECF No. 88.

## II.    DISCUSSION

At this stage of the litigation, the parties may amend their pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts are to "freely give leave when justice so requires," *id.*, "unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (internal quotations and citations removed).

Plaintiff moves for leave to file a Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). ECF No. 82. Plaintiff asserts that the new amended Complaint will address any alleged deficiencies in the Third Amended Complaint and that no circumstances justifying denial are present. ECF No. 82-1 at 6.

The Fourth Circuit has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotations and citation omitted). Rule 15

"'mandates a liberal reading of the rule's direction for 'free' allowance: motions to amend are to be granted in the absence of a 'declared reason' 'such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party [or] futility of amendment, etc." *Ward Elecs. Serv., Inc. v. First Com. Bank*, 819 F.2d 496, 497 (4th Cir. 1987) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)).

In granting Plaintiff leave to file the Third Amended Complaint, this Court warned, "[B]ecause this is Plaintiff's third bite at the apple and because, in the two years since Plaintiff initiated this civil action, the action still has not made it past the pleading stage, any future attempts to amend the Complaint will be viewed with great disfavor." ECF No. 75 at 4. Plaintiff has not attempted to justify why, after this Court's warning, a Fourth Amended Complaint is necessary for advancing this case.

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427. An amendment here is prejudicial to Defendants. After nearly three years, this action has still not advanced past the pleading stage. Defendants have timely responded to several iterations of Plaintiff's complaints. Allowing another amendment will require Defendants to expend more time and resources and will again deprive Defendants of their ability to test the sufficiency Plaintiff's claims.

Plaintiff argues that the Fourth Amended Complaint will "enhance" her claims. ECF No. 82 at 11. Plaintiff has been given ample opportunities to craft a complaint. Plaintiff is no longer proceeding *pro se* and has been represented by counsel since filing the Third Amended Complaint. *See* ECF No. 64. Plaintiff also argues that she has not had an opportunity to address

Defendants' arguments in the Motions to Dismiss. ECF No. 82-1 at 2. Like other litigants, Plaintiff may advance her arguments in responses in opposition.

In addition, Plaintiff's repeated motions to amend suggest dilatory motive. Plaintiff so far has been able to evade a review of the sufficiency of her claims by mooting Defendants' motions to dismiss. "Testing the formal sufficiency of the statement of the claim for relief found in a plaintiff's complaint is the very purpose for Federal Rule of Civil Procedure 12(b)(6). As a result, courts look disfavorably on motions to amend brought for the purpose of circumventing dispositive motions." *Googerdy v. N. Carolina Agr. & Tech. State Univ.*, 386 F. Supp. 2d 618, 623 (M.D.N.C. 2005) (citing *Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc.*, 853 F.2d 1139, 1149 (4th Cir. 1988); *Goewey v. United States*, 886 F. Supp. 1268, 1284 (D.S.C. 1995), *aff'd sub nom. Goewey by Goewey v. United States*, 106 F.3d 390 (4th Cir. 1997)). Allowing Plaintiff to file yet another amended complaint will unduly prolong the litigation. *See Ward Elecs. Serv., Inc.*, 819 F.2d at 497 (A motion to amend may be denied if plaintiff "was acting in bad faith or in an effort to prolong the litigation unduly."). Because further amendment will cause undue delay and prejudice to Defendants, the Motion is denied.

### III.    CONCLUSION

For the reasons discussed, Plaintiff's Motion for Leave to File a Fourth Amended Complaint, ECF No. 82, is denied. Plaintiff's Motion for Extension of Time to Respond to the Motions to Dismiss, ECF No. 81, is granted. Plaintiff is directed to respond to the Motions to Dismiss, ECF Nos. 77, 78, within 10 days.

Dated: March 11, 2022                         /s/_____
                                              GEORGE J. HAZEL
                                              United States District Judge